Good morning, your honors. My name is Mary Ann Dugan. I represent the plaintiff appellant in this case, Mr. Lancaster and his family. The court has asked us to address the impact of a recent case from January, the Edwards case. The Supreme Court stated in Chevron Oil v. Houson, 404 U.S. 97, 1971, that when there's a new case that comes out that sets forth a new principle of law, and I'll address that first issue in a minute, the court must look at whether retroactive application, and this would be retroactive application if Edwards was applied retroactively, whether retroactive application would retard the purposes of the rule that was being interpreted, and whether retroactive application would produce inequitable results. Clearly, and I'll clarify in a moment, but clearly to apply Edwards retroactively would produce inequitable results in this case, because it would deprive Mr. Lancaster and his family of the opportunity to argue that the complaint as it was originally filed was In Eurish, Y-O-U-R-I-S-H, that's 191 F. 3rd, 983, in 1999, this court addressed a case where the plaintiff's attorney had initially consented to an order to amend. The plaintiff's attorney wasn't even going to object to that order and said, can we have 60 days? The court said yes. The 60 days came and went, the attorney did not file an amended complaint. The Eurish court not only looked at whether there was an abuse of discretion in dismissing the complaint for failure to comply with the order, but then went on to look at whether the complaint had been pled properly. And that was despite the fact that this court had actually held, actually held that the case, the complaint, or the lower court did not abuse its discretion. The Ninth Circuit stated, we must consider the merits of the district court's dismissal of the complaint for failure to plead fraud with particularity. Now in Eurish, this court held against the plaintiff on both of those issues, whether there had been abuse of discretion and whether the complaint stated a claim. Therefore, the Edwards case clearly overturned clear precedent, which was, which would allow this court to address both those issues. Let me, let me ask you this. The, they gave you to a certain day to file an amended complaint. Not me, the prior counsel. Right. I mean, your side. Yes. That date comes and goes, right? And I got it so far. Nothing's filed. Correct. Then the magistrate judge sends out a report and recommendation recommending to Judge Aiken that the case be dismissed for failure to file the, by the deadline. Correct. And then your side responds with a motion to extend the time that doesn't comply with the rules. As far as consulting with, conferring with other counsel. Yes. And there's no allegation that there was consultation with the other side? No. How, on what basis would we find an abuse of discretion? I will, I will move on to that issue if the court desires. In Eurish and in Edwards and several other cases, the court has said that you should look at five factors in determining whether there was an abuse of discretion. And in that, in fact, you must find that four of those factors are met or three strongly met. That's in Eurish and also in the Hernandez case, which is mentioned in Edwards, I believe. As the court pointed out in verdict, dismissal is a harsh penalty. And therefore, there must be some scrutiny here. And especially where the district court did not give it, go through the five factors, which it did not. She didn't go through the five factors. But then again, you never objected to the magistrate judge's recommendation either. I mean, what would have occasioned her to go through the five factors? Right. My point is, actually, this court has said the district court does not have to go through the five factors. But where the court has not, this court should go through the five factors. But I mean, look what's on the district judge's plate. What the judge has is a recommendation from the magistrate judge to dismiss it. And there's no objection to it. What, what, how do we fault the district judge? Well, you still have to go through the five factors, as far as I can tell from the case law. And they are, number one, a public interest in expeditious resolution of the litigation. If you look at the timing, there wasn't an. About the motion to amend or the dismissal of the original complaint. I'm not quite clear what we're discussing. Are you talking about whether it was wrong to deny the motion to amend or whether it was wrong to dismiss the original complaint? I think it's hard to separate them because, first of all, they're both reviewed for abuse of discretion. Second of all, the judge Aiken's decision merely states that the case is being dismissed for failure to file an amended complaint. It does not specifically state that the motion to amend is being denied. I believe that was addressed by Judge Coffin around the same time, but they both got lumped together into this opinion by Judge Aiken. Well, Judge Coffin just simply denied the right to file the amended complaint late. That wasn't a report and recommendation. That was just an order denying it. Right. Yeah. So and I think since it went to Judge Aiken, obviously the parties hadn't consented. So it had to be addressed by Judge Aiken. But it was addressed in one lump opinion. The standard of review is the same abuse of discretion. I don't think any of the cases I've looked at had exactly the same procedural stance where somebody had filed a motion to file late. But I would argue that the same five factors should apply. Certainly the same purposes would be met in looking at both issues. The public interest in expeditious expeditious resolution of litigation. If you look at the timing, the order apparently deals with the recommendations of September 24th that it doesn't deal with the motion to amend. In the record that he has 71 to 72, the magistrate issued an order denying the motion to amend separate. Did the district judge ever rule on that? No, he didn't. That wasn't it wasn't before him. She. Right. She was not presented. So what we're talking about then is the order of November 20th in which the district judge opposed the magistrate's recommendations or adopts dismissing the complaint. I think procedural that procedurally that's absolutely correct. And I suppose the motion for leave to file an amended complaint could almost be considered a motion for reconsideration, which wouldn't even be something that's subject to the normal rules. Well, I think that's that's sort of part of the problem, because it was offered up in response, it appears by the timing to the findings and recommendation of the magistrate in September 24. And the response to this recommendation of the action to be dismissed or failure to file an amended complaint was this motion to file an amended complaint late, which didn't attach an amended complaint, it just asked for more time. That latter motion doesn't have to go to the district judge. So when the magistrate judge denied it, that was the end of the story for that particular motion. What does go to the district judge is the findings and recommendations on dismissal. But your predecessor counsel didn't file an objection to that. Now, I suspect the district judge may have been aware of the attempt to file an amended complaint. But if so, it was simply through review of the file, not because of anything that your predecessor did. So Judge Silverman asked what she has in front of her may not be the picture that your client intended to paint, but that's because your predecessor didn't file an objection. Is that an abuse of discretion on her part? I think the case law supports the argument that no matter what plaintiff's counsel does or does not do, except in the Edwards situation where plaintiff's counsel actually or plaintiff per se actually says, I'm going to stand on my pleadings. No matter what plaintiff's counsel does or doesn't do, if the case is dismissed for failure to follow the order to amend, you're going to be looking at it with these five factors. Because the gist of the whole... You mean if I say, I give you to June 1st to file a complaint, June 1st comes and goes, you don't do anything, I have to go through some five factors, some of the factors I will know nothing about because you haven't filed anything in response? Well, yes, I think that's supported by the Jurich case and also Hernandez. How would I be able to evaluate prejudice, for example? Well, prejudice is... Without knowing, if you don't file anything, how would I know why you didn't file or whether there would be prejudice to the other side? How could any judge possibly evaluate that if the deadline comes and goes and there's nothing filed? I see I'm out of time. Sure. The cases that have addressed this have looked at the record as a whole. In Jurich and in Hernandez, in Furdick, the courts have said, the Ninth Circuit has said, this is a very harsh penalty. We need to look at the record as a whole. Whether or not the district court makes findings on the five factors, we need to do so on our own. The five factors in this case are not in favor of dismissing the case. The public interest in expeditious resolution, the court's findings and recommendations to dismiss came only eight days after the deadline had passed. Mr. Lancaster's attorney filed his motion where at least he put into the record an explanation of what had happened. It was ten days later. We're not talking about months' worth of time here. The courts need to manage the docket. I think that that factor is always, as far as I can tell from the case law, in favor of dismissal. But again, here we have a timing issue that the cases that have upheld dismissal involved lengthy delays and continuous delays and failures to show up. The risk of prejudice to the defendants, the courts have said, you don't just look at the continuation of the litigation as prejudice, because then it would be a tautology. It wouldn't be a factor at all. You have to look at the plaintiff's reason for delay in the record. And here the plaintiff explained, his attorney explained what we were talking about, whether to settle or not. There's no prejudice to the defendants. The defendants' counsel actually stated in court, we're not against the plaintiff properly crafting their appeal. We're not trying to deny the parents their day in court. Let me ask you another practical question, because I know you're out of time. Has Henry's placement been resolved now? Is that? My understanding, it's not in the record, but my understanding is he is homeschooling at this point, because they cannot do the travel that was ordered. Is that satisfactory to the parents? No, it is not, Your Honor. Thank you. May it please the Court. Richard Cone Lee for the FLE's Southland School District, and Sue Wickheiser. Just to address one of the points raised by opposing counsel in terms of the applicability of the Marine Park case, my understanding of Marine Park in terms of new case law being forged by the Ninth Circuit is that the specific issue that they addressed was reconciling WMX Technologies with Juris and Furtick. To that extent, they said, well, if a plaintiff affirmatively states in a timely fashion, and that is key language in that opinion, that I intend to stand on my original complaint, you fall within the WMX Technologies regime. However, if not, as was the case here where you had a clearly untimely motion  you fall within the well-established precedent established in Juris, Furtick, and other Ninth Circuit cases. So I do not agree with counsel that this is a matter of retroactive applicability. From the get-go, this has been a matter which falls clearly under Juris and Marine Park. In terms of the issue of the actual review of the motion for filing a late amended complaint, again, I think the court is correct that there is a threshold layer here, which is the noncompliance with Local Rule 7.1. I think counsel is incorrect that you need to engage in a Furtick five-factor analysis for violations of local rules. In fact, I did some brief research on this matter, and I have a case if the court wants to hear it. But a simple scan on Westlaw shows that when the Ninth Circuit considers noncompliance with conferral rules, which are very common in district courts, the court simply reviews for abuse of discretion. There is no outlay of the five factors laid out in Furtick. So I'd like to try to keep separate in my mind when I hear this argument. You're talking about whether it's error not to allow a late amendment. That's correct. That would apply only to the motion to file late. Right. Now, as to the order dismissed where the district court adopted the findings and recommendation, he does not say he adopts them because there are no objections. He just says he adopts them, and he doesn't have to – because no objections were filed, he doesn't have to give factual findings. But he still proceeds in rules on the merits and adopts the report. That's correct. All right. Now, I gather it's your position that you're not allowed to reach – the court is not allowed – to consider whether he was – the magistrate was correct or not, and therefore the district court was correct or not in dismissing the complaint. In terms of the merits of the motion to dismiss, I suppose the motion to file late, that is correct. That is our position. However, what I would say is that just – Go ahead. Yeah, go ahead. Okay. What I would say is that the issue of whether or not the original order was affirmed or adopted on the motion to dismiss versus the order being adopted on the motion to file late is a little bit of a red herring, because ultimately what happened was a motion to file late was submitted, and the magistrate did in fact consider that motion. He didn't reject it out of hand, saying I'm not going to consider this as late. He actually provided a detailed opinion, which is in the record, in which he engaged in that analysis. But now let's assume he was correct in saying you can't amend late. Okay. Now the plaintiff says, all right, so I went into an aborted effort to try to amend, because that's what they told me, but I don't think I had to amend. I think the order was wrong. Now what do you say about Nichols v. McCormick, for instance, which says that the failure to file a second amended complaint would not be unreasonable if the first amended complaint was dismissed erroneously? Don't we have a number of cases prior to Edwards that say that if the first complaint was correct,  But Judge, the bottom line is here that the plaintiff did not do that. They made no timely signal to the court saying, you know what, Judge, you got it wrong. Until you get to Edwards, where do you find any statement that you have to give a timely signal? I believe that's what they were trying to reconcile in WMX Technologies, that there has to be some kind of timely signal where you rest on your original complaint, saying, hey, I disagree with you. I want to go straight to the Ninth Circuit. I think that we have a legitimate complaint here, and I don't want to amend. So you think it's WMX that says you have to do that or else you lose your rights? I believe so. And the bottom line here is that an order was issued by the magistrate saying that within, what was it, 20 or 30 days, you need to submit an amended complaint. You can't have an order that says you have to amend if you don't want to amend. I mean, it's not violating whatever an Edwards may say in dictum. It's not violating the court order. But, Judge, in terms of prejudice to the district in opposing counsel, and, frankly, prejudice to the court itself, isn't the plaintiff obligated to respond in some way to a direct order? Whether it's to say, Judge, we're going to do it, I'm going to be late, or, you know what, Judge, you got it completely wrong, we're not going to do anything. But there has to be some timely statement beforehand saying we're not going to go down that path. To simply sit on your thumbs relates directly to the kind of prejudice that they do talk about in the FURDIC five-factor test. And if I may, I'd like to get to that layer of the analysis. Judge, do you agree we do apply that test? What's that? We do apply the FURDIC test? I don't think you need to. If we're going to peel away the layers of the onion, I think that you can say, under Local Rule 7.1, there is no conferral, and that's the end of the story. There is no abuse of discretion. The language of the Local Rule is clear. The district court may deny the motion. If you do, however, decide that you get to the FURDIC five-factor test, first of all, we're looking, of course, at the abuse of discretion standard. And I think that language is very clear. You have to have a definite and firm conviction of clear error of judgment. So even if it's close, even if it's three to two or two to three, I don't think you could say that we may have decided it differently, but Judge Cawthon got it wrong. I think there has to be that stringent level of review. But let's go through these and take a look. Expeditious resolution of litigation. The case law, including Juris and Petulian and some of the other cases I cited, is clear that, hey, the magistrate is in a superior position to make that assessment of expeditious resolution of litigation. The other layer here is that we are talking about a fairly unique type of proceeding. Remember, we're talking about an Individuals with Disabilities Education Act case, which is, contrary to what the plaintiff is asserting, is more in the nature of an appeal of an administrative decision. Think also back, and I think I provided the court with the full administrative record. I remember the court contacted me and said that they wanted that, and I sent that to the court. If you actually review the full administrative hearing, the issue had to do with placement. If, ultimately, the district is found to have not provided an appropriate program, the thing to remember is the remedy for that is compensatory education, per-day compensatory education that the district would have to provide. So in this case, issues of timing and prejudice are particularly marked because every day that the district is found not to have offered an appropriate placement, and remember, I agree with counsel, my understanding is that Henry is currently being homeschooled by the parents, as opposed to being placed in an educational setting. Two years later, I think the hearing occurred in 2001, we're coming up on three, four years later, if we're ultimately determined to have not offered an appropriate placement every day that passes, the district staff are going to have to hour hours upon hours of compensatory education to compensate for that period. So here, expeditious resolution is not. Well, maybe that's a good reason that we shouldn't have the procedural dismissals and appeals and try to get to the merits so you don't accumulate that kind of damage. Well, Your Honor, that leads to my second point, which is that reaching the resolution on the merits, again, remember, this is an appeal. This is not a situation where a district court dismissed on a motion to dismiss. There was never any factual decision-making done. Remember, this is an appeal of an administrative law judge's decision. There has been a full consideration of the record. In fact, the administrative law judge was the one who actually made the fact-finding determinations. On an IDEA appeal, the district court and the magistrate actually functioned more like you as an appellate body. So unlike the other cases that have been cited in this matter, here there was a resolution on the merits, and that resolution on the merits was in favor of the district. So as the hearing officer decided it, what South Lane School District offered was an appropriate placement. I would argue, I think, the contrarian approach, Your Honor. In fact, swift resolution of this, whether on the merits or through a procedural defect, it plays in favor of a speedy resolution of the issues that have already been resolved, and that is a prime interest under the IDEA. So go ahead. I don't want to interrupt you until you do your five factors. That's okay. Go ahead. All right. The dismissal here in this case, under what rule is the dismissal made? We're talking about the original motion to dismiss. Well, the district court's dismissal. Well, I remember we made the motion under Rule 12b-6, which was failure to state a claim. Yes. And also lack of subject matter jurisdiction, because remember, we had a 41b dismissal. Not originally. Where is it transformed into a 41b dismissal by the district court? When the matter was not complied with by the magistrate's order, that became a 41b matter. What made it a 41b dismissal? Did the court ever say, I'm dismissing under 41b? It quotes the language of 41b, doesn't it? No, I don't think he actually cites 41b, but let's take a look. He doesn't cite it, but doesn't he quote it? Yes. He says, this is, I think the language, the precise language he uses is that this matter should be dismissed both for failure to prosecute and for failure to comply with a court order. If you'd like, I can look it up now, but it's in the back of the original excerpt of record. And you see that? He uses the key language. If you look at the magistrate's original order on that, he uses the specific language. This matter should be dismissed for failure to prosecute and for failure to comply with a court order. That is the verbatim language from 41b. So I think it's clear there that he did consider that as a sanction for failure to comply with an order. All right. I'm out of time. May I just finish briefly? Don't worry. Finish what you were doing. I'll be swift. The – I had gotten to the issue of resolution of the merits. Like I said, it's less compelling here because there's been a determination on the merits at the administrative level. Prejudice. And I think this is a key issue. Counsel simply relies on timing. Again, on timing, in an IDEA case where we may potentially have to pay compensatory education, I don't care if you're talking about 20 days, 60 days, or in this case three years after the original administrative hearing, every day that goes by means hours that that district would have to provide a compensatory education. I agree. Most of the case law does discuss the mere having a lawsuit hanging over a litigant's head is insufficient to show prejudice, but none of those cases dealt with an IDEA claim where every day, like compound interest, a potential compensatory education penalty is being built up against the district. So I would argue here a month, two months' worth of delay, that is extremely prejudicial. But the crux here is the cases I cited to you earlier, and also Joris would say that a prime determinant in determining prejudice is not simply timing. It's really the, for lack of a better word, the lameness of the excuse that's proffered to the court for not complying with the order. Here, the only language that was submitted by Attorney Bill Good, who was the attorney at the district court level as well, I basically wanted to wait and see if the parties resolved their educational issues. And I know that's not in the record, Judge, but there's no evidence in the record that there was any kind of settlement negotiations. And I can tell you, because I was the attorney at the district court level as well, there was no settlement. Well, I think we ought to go outside the record. Well, I don't. I think you can rest on the fact that Mr. Good's explanation, we're trying to resolve our educational issues. There's no support in there showing that that was a good-faith settlement discussion. I'm telling you, though, as a matter of fact, if the court's interested that there was no settlement discussions occurring at that time at all, nor I talked to my client, there was no settlement. I don't think it's really proper to argue stuff that's not in the record. That's fine. I'll just rest on the fact that on the record. Let me change the subject. I have one quick question, and we're taking over time, so it's not your fault. I apologize, Your Honor. You make reference to Urish. Isn't it the case in Urish, even after going through the five factors, the court goes on and looks at the dismissal of the original complaint to begin with? They do, Your Honor, but I think that that case is at least somewhat distinguishable because there, I don't think they were necessarily looking primarily at the Rule 12b-6 on the merits. I think they were also hinging it partly on the fact that it was under rule, I think it was under the pleading requirements under FRCP 9. If you look right after the five-factor analysis, it says, the district court indicated the dismissal of the complaint was a failure to comply with FRCP 9. I think that's enough to take this out of this situation here. Here we're dealing with lack of subject matter jurisdiction. We're dealing with failure to state a claim under a typical 12b-6 and 12b-1 motion. So to that extent, I think that it's distinguishable. But as a matter of having a practical gloss on this case, why would the court even address the underlying merits if there's the threshold issue of whether or not the original denial to allow the late motion was an abuse of discretion? And that really relates to the question you had for both Ms. Dugan and I about, well, what's the remedy? And I think the remedy would be, even if you could somehow find that there was some kind of error here, would be to go back to the judge and say, well, first, you know, consider what you did. And do you still find after looking at the five factors that, you know, you should grant the motion to file an amendment? Again, I think it's a matter of conserving judicial resources. Why would you even get to the merits? If you feel that it's not you're not required to file an amended complaint, that not that you have a right to file one, but that you, you know, the judge said file an amended complaint. So you tried. You failed. You didn't do it right. But if the judge was wrong and you want to test that, there you come down to the WMX. WMX technology is correct. If you fail to file a piece of paper that says I'm standing on my rights. In a timely fashion. Remember that the key language here is a timely. And I think it's simply a moot issue here because the bottom line is by filing a motion to file an amended complaint late, clearly the plaintiffs were expressing their intent and their belief that, hey, we need to file an amended complaint. Why does that say they need to? That may say, look, life may be simpler if we comply with an erroneous order, but we don't really need to. I think that would be entirely speculative, Your Honor. It would be speculative either way. It's no more speculative than you're saying that means they need to. Well, for me, whether they needed to and whether they elected to are two different things. They elected to request to file an amended complaint. And they would deny that. Right. So they didn't file it. But I think the election, I mean, we have to go on their actions and the pleadings. I don't think we can do mind reading here. And I think that they elected to say this is important enough that we need to file even a late motion. They didn't say we need to. They said they said we would like to be able to do it if that's OK with you. But judge, they said, no, it's not OK. So then why should they not be able to say, well, if it's not OK, then we're going to stand on our rights that you're wrong. They could have said that had they done it in time. And I guess they could have. But the record doesn't support that. They never did. That's a different issue. That's a WMX issue. Yes. Yes. And maybe I'm missing this distinction you're making. But again, again, the record does not show anywhere that they took any further action. And remember the thing. I agree with you. Yeah. We're not we're not differing on that. I was just trying to see whether we're down to the position that you forfeit your right if you just stand pat without telling the court. Correct. That I think is the WMX would apply at Marine Park, which is the latest restatement. I'm getting towards the end. So on prejudice, I think you need to look at the reasons. I don't think the reasons were at all convincing here. And moreover, courts also look at how easy would this have been to remedy or avoid. As I set forth in my briefing below, even if council believed that there was some ongoing resolution or settlement, which there wasn't, a two-page motion or a call to me, again, under the control rule saying, Rich, these folks may figure things out. Can you give me an extra two weeks? That would have been infinitely simpler and the prudent thing to do. Instead of taking the risk that things may work out, I'm just going to sit on my thumbs and let things pass. Public policy or less drastic alternatives. In this, I think that factor weighs less here in terms of favoring going against dismissal because, in fact, the magistrate did in fact consider less drastic alternatives by entertaining plaintiff's motion for an extension of time to file an amended complaint. He did analyze their stated reason for failing to file on time. Further, as the court pointed out, this was just a finding and recommendation. The parties had yet another layer of review with Judge Aiken, who was the district court judge, to say, Coffin got it completely wrong. Please, you need to reverse that. So given those factors, given the extreme prejudice to the district because of the combat issue and the fact the plaintiff willfully violated not only a court order and the requirement to confer with opposing counsel, it's hard to imagine any less drastic sanction here that would address this prejudice issue to the district. That's all I have. First of all, I want to apologize. I kept mentioning the Hernandez case, and I didn't give you the site, and I forgot it's not even in my brief. It's because this came up on your order. It's Hernandez v. City of El Monte, 138 F. 2nd, 393 from 1998, where the case was dismissed for judge shopping. It's not on point with this case, but the court did apply the five factors and did overturn the dismissal, saying it was not an abuse of discretion. Back to the main point, though. WMX predated Jurisch. It was 1997. Jurisch was 1999. And in Jurisch, this case, this court said, we have previously indicated that a plaintiff's failure to file an amended complaint is not disobedience of a court order dismissing a complaint with leave to amend where the original dismissal was erroneous. And therefore, the Edwards case is clearly applying a new precedent in this circuit. The WMX court did not say you must give a signal. And I think the court has picked up on that. It said if you do give a signal, then we're not even going to look at the dismissal. Well, the WMX said that there was no judgment entered in the case. Therefore, it couldn't be. We had no jurisdiction. Yeah. Here, there is a judgment entered. Right. And I think here, we're clearly under the Jurisch standard. The risk of prejudice to the defendants, by the way, if timing is of concern to them, then dismissal and then an appeal is certainly more prejudicial than allowing a few more days to amend. In Jurisch, the court said the factor of regarding less drastic alternatives could have allowed a few more days, given them another chance to amend. That's certainly less drastic than dismissing. In Hernandez, the court noted that this matter did not consume large amounts of the court's time or cause serious disruptions. Therefore, that factor was not in favor of dismissal. The defense counsel raised a factor of how easy it would have been to remedy. Give me a phone call. That's not one of the five factors. In Ferdick v. Bonzelet, 963 F. 2nd, 1258, that's Ninth Circuit, 1992, the plaintiff's attorney ignored a court order to amend, just ignored it. There was nothing in the record to help the court look at what the reason was, and the court did apply the five factors. Therefore, the five-factor test clearly does apply in this situation, and the court should not apply Edwards retroactively. The remedy should be remand, holding that the complaint was adequately pled, as we've argued in the bulk of our briefing, and the five factors don't apply as far as abuse of discretion if the court does reach that issue. Thank you. Thank you, Pat. Case discharge will be submitted. Next case on the calendar is Tocatli v. Ascot. Thank you.
judges: Reinhardt, Silverman, Clifton